UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI, OHIO

FILED
JAMES BONINI
CLERK

10 JUN 28 PM 1:35

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | |
|---|---|
| KELLY BRINSON II, Individually and as Administrator of the ESTATE OF KELLY BERNARD BRINSON, DECEASED, 5105 Paddock Road, Apartment A Cincinnati, Ohio 45237<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY HOSPITAL, INC. 234 Goodman Street Cincinnati, OH 45219<br><br>    Also Serve:<br>    UNIVERSITY HOSPITAL, INC.<br>    c/o Registered Agent of Service<br>    Ct Corporation System<br>    1300 East Ninth Street<br>    Cleveland, OH 44114<br><br>and<br><br>THE HEALTH ALLIANCE OF GREATER CINCINNATI 3200 Burnett Avenue Cincinnati, OH 45229<br><br>    Also Serve:<br>    THE HEALTH ALLIANCE OF<br>    GREATER CINCINNAT<br>    c/o Registered Agent of Service<br>    Ct Corporation System<br>    1300 East Ninth Street<br>    Cleveland, OH 44114<br><br>and<br><br>LEE ANN LISKA, CEO University Hospital, Inc. 234 Goodman Street | Case No.<br>**1:10CV424**<br>Judge WEBER, J.<br><br><br><br><br><br><br><br><br><br>**COMPLAINT;**<br>**DEMAND FOR JURY TRIAL** |

Cincinnati, Ohio 45219                               )
                                                     )
and                                                  )
                                                     )
JANEL PEQUIGNOT, Chief                               )
Standards Development and Administrative Rules       )
University Hospital, Inc.                            )
234 Goodman Street                                   )
Cincinnati, Ohio 45219                               )
                                                     )
and                                                  )
                                                     )
JENNIFER MOORE, M.D.                                 )
c/o University Hospital, Inc.                        )
234 Goodman Street                                   )
Cincinnati, OH 45219                                 )
                                                     )
and                                                  )
                                                     )
JOHN VRACIU, D.O.                                    )
c/o University Hospital, Inc.                        )
234 Goodman Street                                   )
Cincinnati, OH 45219                                 )
                                                     )
and                                                  )
                                                     )
UNIVERSITY OF CINCINNATI                             )
2600 Clifton Avenue                                  )
Cincinnati, Ohio 45221                               )
                                                     )
and                                                  )
                                                     )
UNIVERSITY OF CINCINNATI POLICE                      )
DEPARTMENT                                           )
3 Edwards Center                                     )
51 West Corry Street                                 )
Cincinnati, Ohio 45221                               )
                                                     )
and                                                  )
                                                     )
EUGENE FERRARA                                       )
3 Edwards Center                                     )
51 West Corry Street                                 )
Cincinnati, Ohio 45221                               )
                                                     )
and                                                  )

MARK ZACHARIAS )
3 Edwards Center )
51 West Corry Street )
Cincinnati, Ohio 45221 )
)
and )
)
ERIC WEIBEL )
3 Edwards Center )
51 West Corry Street )
Cincinnati, Ohio 45221 )
)
and )
)
JASON REEME )
3 Edwards Center )
51 West Corry Street )
Cincinnati, Ohio 45221 )
)
and )
)
KELLI MCDANIEL )
3 Edwards Center )
51 West Corry Street )
Cincinnati, Ohio 45221 )
)
and )
)
ADRIANNE SPRAGUE )
3 Edwards Center )
51 West Corry Street )
Cincinnati, Ohio 45221 )
)
and )
)
TRAVIS PROCTOR )
3 Edwards Center )
51 West Corry Street )
Cincinnati, Ohio 45221 )
)
and )
)
JACOB KIDD )
3 Edwards Center )
51 West Corry Street )

| | |
|---|---|
| Cincinnati, Ohio 45221 | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Kelly Brinson II, Individually and as the Administrator of the Estate of Kelly Bernard Brinson, Deceased, hereby states his causes of action against defendants as follows:

### Introduction

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Ohio, against the University of Cincinnati, the University of Cincinnati Police Department, Eugene Ferrara, the Chief of Police of the University of Cincinnati Police Department, in his official capacity, and Mark Zacharias, Eric Weibel, Jason Reeme, Kelli McDaniel, Adrianne Sprague, Travis Proctor, and Jacob Kidd, officers of the University of Cincinnati Police Department, in their individual and official capacities. These defendants shall collectively be referred to as "the excessive force defendants."

2. This is also an action against University Hospital, Inc., Lee Ann Liska, CEO, in her official capacity, Janel Pequignot, Chief of Standards Development and Administrative Rules, in her official capacity, Jennifer Moore, M.D., and John Vraciu, M.D., for medical negligence. These defendants shall collectively be referred to as "the medical negligence defendants."

3. Plaintiff alleges that the excessive force defendants, acting under color of law, violated Kelly Bernard Brinson's constitutional rights by unreasonably seizing him, a mentally handicapped individual, and then battering, wrongfully imprisoning, and wrongfully killing him. It is further alleged that these violations and torts were committed as a result of policies and customs of the University of Cincinnati and its Police Department.

### Parties

4. Kelly Brinson II is a citizen and a resident of Hamilton County, State of Ohio and the United States of America.

5. Kelly Brinson II is the son of Kelly Bernard Brinson and has been duly appointed by the Hamilton County Probate Court to serve as the Administrator of the Estate of Kelly Bernard Brinson, Deceased. A copy of the Entry appointing him as Administrator is attached as Exhibit "A."

6. At all times relevant to this case, defendants, the University of Cincinnati, the University of Cincinnati Police Department, and Eugene Ferrara, the Chief of Police of the

University of Cincinnati Police Department, had their principal place of business in Hamilton County, Ohio.

7. At all times relevant to this case, defendants, Mark Zacharias, Eric Weibel, Jason Reeme, Kelli McDaniel, Adrianne Sprague, Travis Proctor, and Jacob Kidd, were employed as officers of the University of Cincinnati Police Department and were acting as agents, servants, and employees of the University of Cincinnati, its Police Department and its Trustees, and the University of Cincinnati Chief of Police, Eugene Ferrara, and were acting under the direction and control of the University of Cincinnati, its Police Department and its Trustees, and the University of Cincinnati Chief of Police, Eugene Ferrara, and were acting pursuant to either official policy or the custom, practice, and use of the University of Cincinnati, its Police Department and Trustees, and the University of Cincinnati Chief of Police, Eugene Ferrara.

8. The University of Cincinnati Police Department and the University of Cincinnati exist under the laws of the State of Ohio. In this case, the University of Cincinnati Police Department and the University of Cincinnati acted through its agents, employees, and servants, who was or were the policymakers for the University of Cincinnati Police Department, the University of Cincinnati, and for the conduct of the University of Cincinnati Chief of Police and the officers employed by The University of Cincinnati, and through defendants, Mark Zacharias, Eric Weibel, Jason Reeme, Kelli McDaniel, Adrianne Sprague, Travis Proctor, and Jacob Kidd.

9. Plaintiff sues defendants Mark Zacharias, Eric Weibel, Jason Reeme, Kelli McDaniel, Adrianne Sprague, Travis Proctor, and Jacob Kidd in their individual and official capacities.

**Factual Allegations**

10. On January 17, 2010, Kelly Bernard Brinson voluntarily submitted himself to University Hospital, Inc. for medical help. He was suffering from hand pain, paranoid schizophrenia, bi-polar disorder, delusions, and other related mental illnesses.

11. On January 20th, Brinson became agitated and was given an injection containing Haldol, Ativan, and Benedril.

12. Brinson was then escorted from his room to the "seclusion room."

13. Once in the seclusion room, Brinson positioned himself behind a bed.

14. By this time, seven University of Cincinnati Police Officers were also in the seclusion room, along with University Hospital Staff.

15. When dealing with mentally handicapped individuals, leading law enforcement organizations, including the International Association of Chiefs of Police and Police Executive Research Forum (PERF), have long since mandated that officers are to speak to the handicapped individual in a calm, non-threatening manner, to tell the handicapped

5

individual they are their to help, to take as much time as necessary to avoid using force, to avoid using handcuffs, and to avoid threatening or touching the handicapped individual.

16. Contrary to well accepted law enforcement standards, University of Cincinnati Police officers did not make any effort to try to calm Brinson down. Instead, they made shows of force, used escalating threats, including threatening to handcuff and tase him, and then further escalated the situation by rushing Brinson and using physical force.

17. Although Brinson had been given an injection that would soon cause him to become lethargic, was heavily outnumbered, had officers restraining him, and had no weapon, defendant Zacharias tased Brinson in the area of Brinson's hip.

18. Other officers then restrained Brinson on the bed.

19. Though Brinson was restrained, defendant Zacharias tased Brinson a second time, in the abdomen.

20. Kelly Bernard Brinson experienced extreme pain, trauma, fear, and suffering from the time he was first attacked by defendants until he was pronounced dead three days later at the hospital.

### Count One – Excessive Force (against Excessive Force Defendants)

21. Each and every allegation and averment set forth in the preceding paragraphs of this Complaint is incorporated as though fully set forth herein.

22. As a direct and proximate result of the previously described unlawful and malicious physical abuse of Kelly Bernard Brinson by excessive force defendants, committed under color of law and under their individual authority as University of Cincinnati Police Officers, Kelly Bernard Brinson suffered grievous bodily harm and death, and was deprived of his right to be secure in his person, against unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

23. As a direct and proximate result of the malicious and outrageous conduct of excessive force defendants as previously described, Kelly Bernard Brinson suffered damages, injuries, and death. Additionally, plaintiff suffered special damages in the form of medical expenses, funeral expenses, and burial expenses.

24. Excessive force defendants' acts as previously described were intentional, wanton, malicious and oppressive, thus entitling plaintiff to an award of punitive damages against defendants in their individual capacities.

25. If plaintiff prevails, plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

6

## Count Two – UCPD's Unlawful Policies and Customs

26. Each and every allegation and averment set forth in the preceding paragraphs of this Complaint is incorporated as though fully set forth herein.

27. The University of Cincinnati, its Trustees, and the University of Cincinnati Chief of Police, Eugene Ferrara, were responsible for the training, instruction, supervision, discipline, and control of defendants, Mark Zacharias, Eric Weibel, Jason Reeme, Kelli McDaniel, Adrianne Sprague, Travis Proctor, and Jacob Kidd, and the other officers of the University of Cincinnati Police Department.

28. In addition, at all times relevant to this case, defendants, Mark Zacharias, Eric Weibel, Jason Reeme, Kelli McDaniel, Adrianne Sprague, Travis Proctor, and Jacob Kidd, were acting under the direction and control of the University of Cincinnati, its Trustees, and University of Cincinnati Chief of Police, Eugene Ferrara, who acted through their agents and employees and were responsible for making the policy of the University of Cincinnati Police Department, and defendants, Mark Zacharias, Eric Weibel, Jason Reeme, Kelli McDaniel, Adrianne Sprague, Travis Proctor, and Jacob Kidd, were acting pursuant to either the official policy or the practice, custom, and usage of the University of Cincinnati, its Trustees, and the University of Cincinnati Chief of Police.

29. Acting under color of law, the University of Cincinnati, its Trustees, and the University of Cincinnati Chief of Police, Eugene Ferrara, chose and/or otherwise failed to train or instruct their officers the proper manner in which to interact with mentally handicapped individuals.

30. Given this lack of training, the University of Cincinnati, its Trustees, and the University of Cincinnati Chief of Police knew, or in the exercise of due diligence should have known, that the conduct of defendants, as displayed toward Kelly Bernard Brinson in this case, was likely to occur. Indeed, a taser and handcuffs were used by University of Cincinnati police officers to subdue psychiatric patients seven times in the two year period preceding this case.

31. The University of Cincinnati, its Trustees, and the University of Cincinnati Chief of Police, Eugene Ferrara, failed to take adequate preventative or remedial measures to guard against the conduct of defendants, which is more fully set forth and described herein, and had they taken such adequate measures, Kelly Bernard Brinson would not have suffered the deprivation of his rights more fully set forth herein. Excessive force defendants' failures amounted to gross negligence, deliberate indifference, or deliberate misconduct that directly caused the deprivations suffered by Kelly Bernard Brinson, as well as his damages, injuries, and death.

32. As a direct and proximately result of the previously described unlawful and malicious acts of the University of Cincinnati, its Trustees, and the University of Cincinnati Chief of Police, Eugene Ferrara, Kelly Bernard Brinson was deprived of his rights to be secure

in his person, against unlawful and unreasonable seizure of his person, and to equal protection of the laws, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

33. As a direct and proximate result of the malicious and outrageous conduct of the University of Cincinnati, its Trustees, and the University of Cincinnati Chief of Police, Eugene Ferrara, as previously described, plaintiff suffered damages, injuries, and death. Additionally, plaintiff suffered special damages in the form of medical expenses, funeral expenses, and burial expenses.

34. The conduct of the University of Cincinnati, its Trustees, and the University of Cincinnati Chief of Police, Eugene Ferrara, as previously described, was intentional, wanton, malicious and oppressive, thus entitling plaintiff to an award of punitive damages.

35. If plaintiff prevails, plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

### Count Three – Medical Negligence (against Medical Negligence Defendants)

36. Each and every allegation and averment set forth in the preceding paragraphs of this Complaint is incorporated as though fully set forth herein.

37. Medical negligence defendants' services, care, and treatment were negligent and fell below acceptable levels of the standard of care in treating Kelly Brinson.

38. Medical negligence defendants negligently breached the standard of care in, but not limited to, the following manner:

    a) failing to use well recognized de-escalation techniques to calm Kelly down;
    b) inappropriately delegated the care of a patient to law enforcement;
    c) prematurely turning over to law enforcement;
    d) failing to provide Kelly with a patient advocate;
    e) unlawfully, and contrary to OAC 5122-14-10, using and or authorizing the use of law enforcement restraint devices;
    f) failing to provide adequate staff for the patient population;
    g) failing to adequately train staff to handle patients such as Kelly; and
    h) failing to adequate have policies and procedures to handle patients such as Kelly.

39. As a direct and proximate result of medical negligence defendants' negligence, Kelly suffered damages, injuries, and death. Additionally, plaintiff suffered special damages in the form of medical expenses, funeral expenses, and burial expenses.

40. In accordance with Ohio Rule of Civil Procedure 10(D), plaintiff is filing with this complaint a motion requesting the Court permit plaintiff additional time to file the appropriate affidavit of merit.

8

41. Plaintiff states the caps and "Tort Reform" provisions of R.C. 2323.43 do not apply and, if found to apply, are unconstitutional for the reason that they deny any injured plaintiff equal protection of the law, call for discrimination in award against the poor or non-working, call for discrimination against minorities of race or sex, violate the separation of powers doctrine, and are in violation of the Ohio Supreme Court holding in *State ex rel Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062.

### Count Four

42. Each and every allegation set forth in the preceding paragraphs is hereby incorporated as if fully rewritten herein.

43. O.R.C. §§ 2305.113, 2323.43, and other sections of the Ohio Revised Code that were amended by Senate Bill 281, adopted by the legislature of the State of Ohio and signed into law by the Governor of the State of Ohio, violate the Constitutions of the State of Ohio and of the United State of America, are against public policy, and should not be applied in any way to the proceedings in this matter as their application would be unconstitutional and against public policy.

### Count Four – Wrongful Death

44. Each and every allegation and averment set forth in the preceding paragraphs of this Complaint is incorporated as though fully set forth herein.

45. Defendants' conduct, as previously described, caused the death of Kelly Bernard Brinson.

42. As a direct and proximate result of defendants' conduct, as previously described, Kelly Bernard Brisnon suffered severe fear, mental, and emotional distress, anxiety, and physical injuries which caused his death. Plaintiff is entitled to recover from the defendants damages for the physical, mental, and emotional injuries suffered before his death and for his wrongful death, including, but not limited to, the loss of his services; the loss of his society, including the loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education suffered by his son and next of kin; the mental anguish incurred by his son and next of kin; and his medical, funeral, and burial expenses.

WHEREFORE, plaintiff demands a judgment for compensatory damages against defendants, individually and jointly and severally, in excess of $75,000, attorney's fees, costs, and all other relief the Court deems appropriate.

9

Respectfully submitted,

**THE MOORE LAW FIRM**
A Legal Professional Association

BY: _____
Donald C. Moore, Jr. (0003945)
Daniel N. Moore (0076430)
1060 Nimitzview Drive, Suite 200
Cincinnati, Ohio 45230
Phone: (513) 232-2000
Fax: (513) 232-0700
*Trial Attorneys for Plaintiff*


### JURY DEMAND

Pursuant to Rule 38(B) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by Jury.

_____
Donald C. Moore, Jr. (0003945)

10