UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI, OHIO

| | |
|---|---|
| KELLY BRINSON II and DEREK BRINSON, Individually and as Co-Administrators of the ESTATE OF KELLY BERNARD BRINSON, DECEASED, 5105 Paddock Road, Apartment A Cincinnati, Ohio 45237 | Case No. 1:10CV424 Judge Sandra S. Beckwith Magistrate Wehrman |
| Plaintiffs, | |
| vs. | **FIRST AMENDED COMPLAINT** **JURY DEMAND ENDORSED HEREON** |
| UNIVERSITY HOSPITAL, INC. 234 Goodman Street Cincinnati, OH 45219 | |
| Also Serve: UNIVERSITY HOSPITAL, INC. c/o Registered Agent of Service Ct Corporation System 1300 East Ninth Street Cleveland, OH 44114 | |
| and | |
| THE HEALTH ALLIANCE OF GREATER CINCINNATI 3200 Burnett Avenue Cincinnati, OH 45229 | |
| Also Serve: THE HEALTH ALLIANCE OF GREATER CINCINNAT c/o Registered Agent of Service Ct Corporation System 1300 East Ninth Street Cleveland, OH 44114 | |
| and | |

| | |
|---|---|
| LEE ANN LISKA, CEO<br>The University Hospital, Inc.<br>234 Goodman Street<br>Cincinnati, Ohio 45219 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| JENNIFER MOORE, M.D.<br>c/o University Hospital, Inc.<br>234 Goodman Street<br>Cincinnati, OH 45219 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| JOHN VRACIU, D.O.<br>c/o University Hospital, Inc.<br>234 Goodman Street<br>Cincinnati, OH 45219 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| JAMES H. CURELL, M.D.<br>c/o University Hospital, Inc.<br>234 Goodman Street<br>Cincinnati, OH 45219 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| BRYAN GRIFFIN, D.O.<br>c/o University Hospital, Inc.<br>234 Goodman Street<br>Cincinnati, OH 45219 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| EUGENE FERRARA<br>3 Edwards Center<br>51 West Corry Street<br>Cincinnati, Ohio 45221 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| MARK ZACHARIAS<br>3 Edwards Center<br>51 West Corry Street<br>Cincinnati, Ohio 45221 | )<br>)<br>)<br>) |

|  | ) |
| --- | --- |
| and | ) |
|  | ) |
| ERIC WEIBEL | ) |
| 3 Edwards Center | ) |
| 51 West Corry Street | ) |
| Cincinnati, Ohio 45221 | ) |
|  | ) |
| and | ) |
|  | ) |
| JASON REEME | ) |
| 3 Edwards Center | ) |
| 51 West Corry Street | ) |
| Cincinnati, Ohio 45221 | ) |
|  | ) |
| and | ) |
|  | ) |
| KELLI MCDANIEL | ) |
| 3 Edwards Center | ) |
| 51 West Corry Street | ) |
| Cincinnati, Ohio 45221 | ) |
|  | ) |
| and | ) |
|  | ) |
| ADRIANNE SPRAGUE | ) |
| 3 Edwards Center | ) |
| 51 West Corry Street | ) |
| Cincinnati, Ohio 45221 | ) |
|  | ) |
| and | ) |
|  | ) |
| TRAVIS PROCTOR | ) |
| 3 Edwards Center | ) |
| 51 West Corry Street | ) |
| Cincinnati, Ohio 45221 | ) |
|  | ) |
| and | ) |
|  | ) |
| PHILLIP KIDD | ) |
| 3 Edwards Center | ) |
| 51 West Corry Street | ) |
| Cincinnati, Ohio 45221 | ) |
|  | ) |
|  | ) |
| Defendants. | ) |

## I. INTRODUCTION

1. This lawsuit challenges the inadequate medical care and challenges as excessive the repeated use of a taser on a civilian patient at University Hospital in Cincinnati, Ohio. Mr. Brinson admitted himself to University Hospital for mental health treatment on January 17, 2010. He took the medications he was prescribed but nonetheless became agitated on January 20, 2010. The Defendant medical staff administered additional psychiatric medication and called the Defendant University of Cincinnati police officers. Those officers escorted Mr. Brinson to a seclusion room, placed him in restraints and, in the presence of the medical staff, tased Mr. Brinson in the chest multiple times. Mr. Brinson suffered extreme pain and suffering and experienced respiratory and cardiac arrest. He died three days later. Mr. Brinson was not a criminal. He was a civilian hospital patient. The only drugs in his system were placed there by the Defendants. He was herded and then electrically prodded like an animal rather than treated like a human being in need of medical care. His Co-Administrators bring this civil rights, malpractice and negligence action to secure fair compensation and to encourage these and similar Defendants to provide adequate treatment to University Hospital patients in the future.

## II. JURISDICTION

2. Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this court by 28 U.S.C. §§ 1331, 1343 (3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. §1367. An affidavit pursuant to Ohio Rule Civ. Proc. 10(D) (2) is already on file in this action in support of the medical claims. Venue is proper in this Division.

### III. PARTIES

3. Kelly Brinson II and Derek Brinson are citizens and residents of Hamilton County, the State of Ohio and the United States of America. Kelly Brinson II is the son of Kelly Bernard Brinson, and Derek Brinson is the brother of Kelly Bernard Brinson, and they have been duly appointed by the Hamilton County Probate Court to serve as Co-Administrators of the Estate of Kelly Bernard Brinson, Deceased. Copies of the Entry appointing them as Co-Administrators are attached as Exhibit "A."

4. Defendant University Hospital Inc. is a corporation and at all times relevant to this action it acted jointly with employees of the state of Ohio with respect to security at University Hospital. University Hospital Inc. is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. Defendant University Hospital Inc. is a part of The Health Alliance of Greater Cincinnati.

5. Defendant The Health Alliance of Greater Cincinnati is a corporation and at all times relevant to this action it acted jointly with employees of the state of Ohio with respect to security at University Hospital. The Health Alliance of Greater Cincinnati is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

6. At all times relevant to this case, Defendants Lee Ann Liska, CEO, Jennifer Moore, M.D., John Vraciu, D.O., James Curell, M.D., and Bryan Griffin, D.O., were employed or acting as employees of University Hospital Inc. These defendants also acted jointly with state employees with respect to security at University Hospital. These defendants are each "persons" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. They are each sued in their individual capacity.

7. Defendants University Hospital, Inc, the Health Alliance and Lee Ann Liska, CEO, Jennifer Moore, M.D., John Vraciu, D.O., James Curell, M.D., and Bryan Griffin, D.O. are hereinafter referred to as the "Medical Defendants."

8. Defendant Eugene Ferrara is the Chief of Police for the University of Cincinnati. Defendant Ferrara is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual capacity. He was a policy maker with respect to customs, practices, policies and procedures regarding security at the University Hospital.

9. Defendants, Mark Zacharias, Eric Weibel, Jason Reeme, Kelli McDaniel, Adrianne Sprague, Travis Proctor, and Phillip Kidd, were, at all times relevant to this action, employed by the State of Ohio as police officers at the University of Cincinnati. These Defendants are each "persons" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. They are each sued in their individual capacity.

10. Defendants Eugene Ferrara, Mark Zacharias, Eric Weibel, Jason Reeme, Kelli McDaniel, Adrianne Sprague, Travis Proctor, and Phillip Kidd are hereinafter referred to as the "Police Defendants."

## IV. FACTS

**A. Abuse of Kelly Bernard Brinson**

11. On January 17, 2010, Kelly Bernard Brinson voluntarily submitted himself to University Hospital, Inc. for medical help. He was suffering from hand pain, paranoid schizophrenia, bi-polar disorder, delusions, and other related mental illnesses.

12. On January 20, 2010, Kelly Bernard Brinson became agitated and was given medication by one of the Medical Defendants.

13. Kelly Bernard Brinson was then escorted by several of the Police Defendants from his room to the "seclusion room."

14. Once in the seclusion room, Kelly Bernard Brinson positioned himself behind a bed.  By this time, the seven named police officers were also in the seclusion room, along with several of the Medical Defendants named in this action.

15. When dealing with mentally ill patients who have special needs, leading law enforcement organizations, including the International Association of Chiefs of Police and Police Executive Research Forum (PERF), have long mandated that officers are to speak to the patient in a calm, non-threatening manner, to tell the patient the officer is present to help, to take as much time as necessary to avoid using force, to avoid using handcuffs, and to avoid threatening or touching the patient unless absolutely necessary.

16. Contrary to well accepted law enforcement standards, the Police Defendants made no effort to try to calm Kelly Bernard Brinson.  Instead, acting recklessly, with malicious purpose and/or in bad faith, the seven or more police officers made shows of force, used escalating threats, including threatening to handcuff and tase Kelly Bernard Brinson, and then further escalated the situation by rushing Kelly Bernard Brinson and using physical force.

17. Although Kelly Bernard Brinson had been given an injection that would soon cause him to become lethargic, was heavily outnumbered, had officers restraining him, and had no weapon, defendant Zacharias tased Kelly Bernard Brinson.

18. The other Police Defendants then restrained Kelly Bernard Brinson on the bed.

19. Though Kelly Bernard Brinson was restrained, defendant Zacharias tased him a second time.

20. Kelly Bernard Brinson was tased in the chest or breast area.  At the time of the tasing he was heavily drugged with powerful medications administered by the Medical Defendants making him infirm as well as physiologically and metabolically compromised.

21. At the time of the use of force in this case, Taser International, the company that manufactures the Taser, had issued a product warning known to the Police Defendants indicating that the device can cause  "serious injury or death… especially at risk are persons…who are physically infirm."  The label also warns of dangers to "physiologically or metabolically compromised persons."  Finally the label also warns of dangers to "sensitive body parts" including the "chest or breast." Defendants ignored all of these product warnings.

**B.  Inadequate Medical Care**

22. The Medical Defendants' services, care, and treatment were negligent and fell below acceptable levels of the standard of care in treating Kelly Bernard Brinson.

23. Medical Defendants negligently breached the standard of care in, but not limited to, the following manner:

- failing to use well recognized de-escalation techniques to calm Kelly Bernard Brinson down;
- inappropriately delegated the care of a patient to law enforcement;
- prematurely turning over to law enforcement;
- failing to provide Kelly Bernard Brinson with a patient advocate;
- unlawfully, and contrary to OAC 5122-14-10, using and/or authorizing the use of law enforcement restraint devices;
- failing to provide adequate staff for the patient population;
- failing to adequately train staff to handle patients such as Kelly Bernard Brinson; and
- failing to have adequate policies and procedures to handle patients such as Kelly Bernard Brinson.

C. **Policies, Practices and Culpable Conduct**

24. At all times relevant to this case each of the Medical Defendants and the Police Defendants knew that Mr. Brinson suffered from mental illness and that he had a serious medical need for treatment of that mental illness.

25. On January 20, 2010, Defendants acted pursuant to their custom and practice of using excessive force, including tasers, on mentally ill patients who are having a medically and psychologically induced disturbance.

26. The Medical Defendants and Defendant Eugene Ferrara established policies, practices and customs of failing to provide adequate security to patients such as Kelly Brinson who are suffering from a mental illness but experiencing agitation while at University Hospital.

27. The custom, practices and policies of the Medical Defendants and Defendant Ferrara were the moving force behind the constitutional deprivations suffered by Mr. Brinson while he was at the University Hospital, Inc., including the deprivations on January 20, 2010.  These deprivations included his denial of adequate security and the use of excessive force on him while he was experiencing a mental health emergency.

28. At all times relevant to this case the Medical Defendants and Defendant Ferrara failed to train and supervise the Police Defendants, as well as other UC police officers, to properly deescalate and safely bring under control mentally ill patients who are experiencing distress. That failure to train and supervise the police officers deployed at University Hospital Inc. shocks the conscience and was deliberately indifferent to patients such as Mr. Brinson who was experiencing a psychiatric emergency.

29. The Medical Defendants and Defendant Ferrara knew that tasers and handcuffs were repeatedly inappropriately used on mentally ill patients at University Hospital Inc. prior to

the use of force on Mr. Brinson. On at least seven occasions in the two year period prior to the use of force on Mr. Brinson, tasers and handcuffs had been used on psychiatric patients at University Hospital Inc.

30. The use of force on Mr. Brinson, including but not limited to, the use of the taser shocks the conscience and constitutes excessive force.

31. Defendants acted with deliberate indifference to the serious medical and security needs of Mr. Brinson.

32. The Defendants acted negligently, recklessly, wantonly, willfully, knowingly, intentionally and with deliberate indifference to the serious security and medical needs of Mr. Brinson.

33. The conduct of Defendants shocks the conscience and violates the evolving standards of decency expected in a civilized society.

**D. Harm to Kelly Bernard Brinson and His Family**

34. As a direct and proximate result of Defendants' actions, before his death Kelly Bernard Brinson suffered severe emotional distress, anguish, humiliation, suffering, and extreme physical pain and distress.

35. Kelly Bernard Brinson died as a direct and proximate result of Defendant's actions. At this time only University Hospital, Inc. The Health Alliance, Defendants Liska, Moore and Vraciu are defendants in the wrongful death action.

36. As a further direct and proximate result of Kelly Bernard Brinson's wrongful death, his survivors and/or heirs have suffered permanent damages, including but not limited to, the loss of his support, services, and society, including lost companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, as well as the loss of prospective inheritance.

37. As a further direct and proximate result of Kelly Bernard Brinson's wrongful death, his survivors, next of kin and/or heirs have suffered permanent damages, including but not limited to, grief, depression, and severe emotional distress. They have incurred funeral bills, medical bills and treatment and will incur additional medical bills and treatment in the future.

## V. FIRST CAUSE OF ACTION – 42 U.S.C. §1983

38. The Defendants have, under color of state law, deprived Kelly Bernard Brinson of rights, privileges and immunities secured by the Fourth and Fourteenth Amendment to the U.S. Constitution including but not limited to the right to be free from excessive force and to be free from deprivations of liberty that shock the conscience and the right to adequate security and medical care when seized by persons acting under color of law.

39. The Medical Defendants and Defendant Eugene Ferrara failed to adequately train and supervise the University of Cincinnati police officers in the proper management and use of force on mentally ill patients in the hospital setting.

40. The rules, regulations, customs, policies and procedures of the Defendants regarding security and use of force against mentally ill patients were inadequate, unreasonable and deliberately indifferent and were the moving force behind the constitutional deprivations suffered by Kelly Bernard Brinson.

41. Although the Medical Defendants and Eugene Ferrara were on notice of the obvious need to train and supervise University Police in the area of use of force on mentally ill University Hospital Inc. patients, these defendants failed to adequately train and supervise the individual police officers in that regard and in so doing were deliberately indifferent to patients at risk of experiencing a mental health emergency such as Kelly Bernard Brinson.

## VI. SECOND CAUSE OF ACTION – WRONGFUL DEATH

42. The actions of Defendants University Hospital, Inc. The Health Alliance, Liska, Moore and Vraciu caused the wrongful death of Kelly Bernard Brinson resulting in damages recoverable under R.C. §2125.02[1].

## VII. THIRD CAUSE OF ACTION – MALPRACTICE BY PHYSICIAN

43. After Kelly Bernard Brinson was admitted to the Hospital, Defendants University Hospital, Inc. The Health Alliance, Liska, Moore and Vraciu failed to use reasonable care in providing services, care and treatment, including safe keeping during mental health emergencies, to Kelly Bernard Brinson. These Defendants breached their duty of care to Kelly Bernard Brinson as set out in detail above.

44. The conduct of Defendants University Hospital, Inc. The Health Alliance, Liska, Moore and Vraciu deviated from the standard of care in medical practice, all in violation of Ohio law. An Affidavit pursuant to Ohio Rule of Civil Procedure 10(D) has previously been filed. The conduct of these Defendants was a proximate cause of Kelly Bernard Brinson's injuries suffered prior to death. Further, the actions of Defendants University Hospital, Inc. The Health Alliance, Liska, Moore and Vraciu also caused the death of Kelly Bernard Brinson.

## VIII. JURY DEMAND

45. Plaintiffs request a jury trial on all claims triable to a jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court award them:

---

[1] Note that the wrongful death claim and medical malpractice claims are filed at this time only against the medical defendants who are not employed by the State of Ohio. Pursuant to Ohio law, Plaintiffs will be taking measures to determine the immunity of medical Defendants Curell and Griffin and the Police Defendants before adding them as wrongful death defendants and/or malpractice defendants..

A. Compensatory damages in an amount to be shown at trial;

B. Punitive damages against Defendants in an amount to be shown at trial;

C. Costs incurred in this action and reasonable attorney fees under 42 U.S.C. §1988;

D. Prejudgment interest; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,
**THE MOORE LAW FIRM**
A Legal Professional Association
BY:

| | |
|---|---|
| s/ Alphonse A. Gerhardstein<br>Alphonse A. Gerhardstein (0032053)<br>Jennifer L. Branch (0038893)<br>Attorney for Plaintiffs<br>432 Walnut Street, Suite400<br>Cincinnati, Ohio 45202<br>(513) 621-9100<br>(513) 345-5543<br>agerhardstein@gbfirm.com<br>jbranch@gbfirm.com<br>*Attorneys for Plaintiffs* | s/Donald C. Moore, Jr.<br>Donald C. Moore, Jr. (0003945)<br>1060 Nimitzview Drive, Suite 200<br>Cincinnati, Ohio 45230<br>(513) 232-2000<br>Fax: (513) 232-0700<br>*Attorney for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify a true and accurate copy of the foregoing was served upon the following by fax, electronic mail, and/or regular U.S. Mail, postage prepaid, on December 22, 2010:

Brian E. Hurley, Esq.
Robert J. Gehring, Esq.
Daniel J. Hurley, Esq.
Crabbe, Brown & James, LLP
30 Garfield Place, Suite 740
Cincinnati, Ohio 45202
*Attorneys for Defendants, University of Cincinnati, Ferrara, Zacharias, Weibel, Reeme, McDaniel, Sprague, Proctor, and Kidd*

Monica H. McPeek, Esq.
Maureen A. Bickley, Esq.
Frost Brown Todd, LLC
201 East Fifth Street, Suite 2200
Cincinnati, OH 45202

*Attorneys for Defendants, University Hospital, Inc.,*
*The Health Alliance of Greater Cincinnati, Lee Ann Liska,*
*Jennifer Moore, M.D., and John Vraciu, D.O.*

James H. Curell, M.D.
c/o University Hospital, Inc.
234 Goodman Street
Cincinnati, OH 45219

Bryan Griffin, D.O.
c/o University Hospital, Inc.
234 Goodman Street
Cincinnati, OH 45219

PHILLIP KIDD
3 Edwards Center
51 West Corry Street
Cincinnati, Ohio 45221

| | |
|---|---|
| s/ Alphonse A. Gerhardstein<br>Alphonse A. Gerhardstein (0032053)<br>Jennifer L. Branch (0038893)<br>Attorney for Plaintiffs<br>432 Walnut Street, Suite400<br>Cincinnati, Ohio 45202<br>(513) 621-9100<br>(513) 345-5543<br>agerhardstein@gbfirm.com<br>jbranch@gbfirm.com<br>*Attorneys for Plaintiffs* | s/Donald C. Moore, Jr.<br>Donald C. Moore, Jr. (0003945)<br>1060 Nimitzview Drive, Suite 200<br>Cincinnati, Ohio 45230<br>(513) 232-2000<br>Fax: (513) 232-0700<br>*Attorney for Plaintiffs* |