```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

KELLY BRINSON II,            :    NO. 1:10-CV-00424
                             :
                             :
       Plaintiff,            :
                             :
    v.                       :    **ORDER AND OPINION**
                             :
UNIVERSITY HOSPITAL, INC.,   :
    et al.,                  :
                             :
       Defendants.           :

This matter is before the Court on Plaintiff's Motion to File Second Amended Complaint (doc. 42), Defendants Weibel, Reeme, McDaniel, Sprague, Proctor and Kidd's Motion to Dismiss (doc. 36), and Defendants University Hospital, Inc., The Health Alliance of Greater Cincinnati, Lee Ann Liska, Jennifer Moore, M.D., and John Vraciu, D.O.'s Motion to Dismiss (doc. 37), together with the respective responsive memoranda. For the reasons that follow, the Court GRANTS Plaintiff's motion (doc. 42) and DENIES as moot Defendants' motions (docs. 36 & 37).

Plaintiff filed his first amended complaint on December 22, 2010, setting forth claims for civil rights violations, wrongful death and malpractice (doc. 31). Plaintiff now seeks to amend his complaint to provide more detailed factual allegations to support his claims against Defendants Weibel, Reeme, McDaniel, Sprague, Proctor and Kidd and to add a claim for disability

1

discrimination under the Rehabilitation Act of 1973 and the Ohio Civil Rights Act (doc. 42).

Federal Rule of Civil Procedure 15(a) provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).  The United States Supreme Court has held that motions for leave to amend pleadings should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties.  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Moore v. City of Paducah, 790 F.2d 557, 561 (6th Cir. 1986) (quoting Tefft v. Seward, 689 F.2d 637, 639-40 (6th Cir. 1982)).

The Court finds no evidence of bad faith here and further finds that allowing Plaintiff to amend the complaint will not cause undue delay, be futile or unfairly prejudice Defendants. Therefore, the Court GRANTS Plaintiff's Motion for Leave to File Second Amended Complaint (doc. 42).

Because Plaintiff's Second Amended Complaint provides additional factual allegations that could address some of Defendant Weibel, Reeme, McDaniel, Sprague, Proctor and Kidd's concerns set

forth in their motion to dismiss, and because the Second Amended Complaint adds a disability discrimination claim to which Defendants University Hospital, Inc., The Health Alliance of Greater Cincinnati, Lee Ann Liska, Jennifer Moore, M.D., and John Vraciu, D.O. will likely wish to respond, the Court finds that the pending motions to dismiss are moot.  Therefore, the Court DENIES the motions (docs. 36 & 37), but GRANTS leave to Defendants to re-file any such motions attacking the Second Amended Complaint.

SO ORDERED.

Dated: March 17, 2011           /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge